UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELIAS HERMES SEVERUS
EL-BEY, aka PAUL GOREE,
    Plaintiff,
    v.

JASON REEVES and WAYNE
FIRE DEPARTMENT (E.M.S),
    Defendants.
_____/

Case No. 23-11235

Mark A. Goldsmith
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO
DISMISS (ECF No. 16)**

## I.    PROCEDURAL HISTORY

This matter is before the Court on Defendants Jason Reeves and Wayne Fire

Department's motion to dismiss the amended complaint.  (ECF No. 16).  Plaintiff

was ordered to respond to that motion on or before November 20, 2023.  (ECF No.

22).  The orders requiring a response were returned to the Court as undeliverable

because of an error in Plaintiff's address.  On November 3, 2023, the Court again

mailed the Order for Plaintiff to file a response brief.  On November 17, 2023,

Plaintiff filed an "acknowledgement" in which he appears to reference the motion

to dismiss.  (*See* ECF No. 24, PageID.155) (To all parties involved I denied and

overrule any motion to quash or dismissal of my case").  Defendants filed a reply

in response.  (ECF No. 25).  This case was referred to the undersigned for all pretrial proceedings.  (ECF No. 12).

For the reasons discussed below, the undersigned recommends that Defendants' motion to dismiss be **GRANTED**.

## II.    AMENDED COMPLAINT ALLEGATIONS

There are few allegations about the Defendants.  The complaint is about events that occurred beginning on May 27, 2020.  Plaintiff, who identifies as a Moorish American National, was involved in an altercation with a non-party and was injured.  Defendants and others were called to the scene to assist.  They found Plaintiff bleeding from his head and unconscious.  While he was unconscious, he was placed on a gurney and put in an ambulance.  Though Plaintiff presumably does not remember this, a police report filed later reports that Plaintiff ripped off his beck brace, assaulted an EMT (Reeves), got out of the ambulance, and ran barefoot on Michigan Avenue until police apprehended him and put him back on a gurney and into the ambulance.  Three months later Plaintiff was arrested for assaulting an officer, specifically Reeves, on May 27, 2020.  Plaintiff alleges that Defendants Reeves perjured himself during a preliminary hearing on that arrest by stating that Plaintiff was unconscious the whole time.  This was perjury because the police report stated that Plaintiff was conscious.  (ECF No. 6, PageID.48).

Plaintiff lists one statutory basis for his complaint: 18 U.S.C. § 242.

## III.   ANALYSIS AND RECOMMENDATIONS

### A.   Governing Standards

Defendants move to dismiss brought pursuant to Rule 12(b)(1) and (6).

As explained in *McQueary v. Colvin*, 2017 WL 63034, at *3 (W.D. Ky. Jan. 5, 2017), a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).  "A facial attack is a challenge to the sufficiency of the pleading itself.  On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *McQueary*, at *3 (quoting *Ritchie*, 15 F.3d at 598); *see also Cartwright*, 751 F.3d at 759 ("A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the Court takes the allegations of the complaint as true for purposes of the Rule 12(b)(1) analysis").  "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *McQueary*, at *3 (quoting *Ritchie*, 15 F.3d at 598).

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all

allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court also holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for

him.  Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at \*2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

    B.    <u>Discussion</u>

    Defendants argue that Plaintiff's 18 U.S.C. § 242 claim should be dismissed because that criminal statute does not provide a private cause of action.  Plaintiff did not respond to the substance of Defendants' argument.  Defendants are correct—Plaintiff cannot sue the Defendants for violation of § 242.  *See Cox v. Rivercrest Homeowners Assoc., Inc.*, 2022 WL 2079882, at \*2 (W.D. Ky. June 9, 2022) (collecting cases); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claim under 18 U.S.C. § 242 because plaintiff has no private right of action under the criminal statute); *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) (affirming district court's dismissal because plaintiff had "no private right of action pursuant to 18 U.S.C. § 242, a criminal statute").  Thus, the single claim in the complaint should be dismissed.

To the extent that Plaintiff intended to sue Reeves for perjury during a preliminary examination hearing, he lacks a private cause of action for that claim too.  *See Boodram v. Coomes*, 2016 WL 3248518, at *6 (W.D. Ky. June 10, 2016) (collecting cases).  Perjury can be a federal crime, *see* 18 U.S.C. § 1621, again, there is no private cause of action for violations of criminal law.  *Am. Postal Workers Union, AFL–CIO, Detroit Local v. Indep. Postal Sys. of Am., Inc.,* 481 F.2d 90, 93 (6th Cir. 1973) (acknowledging the general rule "that a private right of action is not maintainable under a criminal statute"); *see also Fuller v. Unknown Officials from the Justice Dep't Crime Div.,* 387 F. App'x 3, 4 (D.C. Cir. 2010) (stating that "there is no private cause of action for perjury, 18 U.S.C. § 1621; subornation of perjury, 18 U.S.C. § 1622; false declarations before a grand jury or court, 18 U.S.C. § 1623; or false statements, 18 U.S.C. § 1001").

Given the recommendation to dismiss the case for lack of private right of action, the undersigned will not address Defendants' second argument for dismissal, that Plaintiff fails to establish federal question or diversity jurisdiction.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (ECF No. 16) be **GRANTED** and that the case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 2, 2024.         <u>s/Curtis Ivy, Jr.</u>
Curtis Ivy, Jr.
United States Magistrate Judge

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 2, 2024.

<u>s/Sara Krause</u>
Case Manager
(810) 341-7850