UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELIAS HERMES
SEVERUS EL-BEY, a/k/a
PAUL GOREE

      Plaintiff,                      Case No. 23-11235

v.                                     HON. MARK A. GOLDSMITH

JASON REEVES et al.,

      Defendants.
_____/

**OPINION & ORDER**
**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 28), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 29), AND (3) GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 16)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Curtis Ivy, Jr. issued on January 2, 2024 (Dkt. 28). In the R&R, the magistrate judge recommends that this Court grant Defendants Jason Reeves and Wayne Fire Department's motion to dismiss the amended complaint (Dkt. 16). Plaintiff Paul Goree a/k/a Helias Hermes Severus[1] filed an apparent objection to the R&R (Dkt. 29). For the reasons that follow, the Court (i) accepts the recommendation in the R&R, (ii) overrules El-Bey's objection, (iii) and grants Defendants' motion to dismiss.

**I. BACKGROUND**

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 1–2. El-Bey was injured following an altercation with a non-party. See id. at 1. Defendants

---

[1] Plaintiff's name is unclear from the pleadings. To avoid confusion, the Court refers to Plaintiff as El-Bey, which appears to be his preferred name.

1

were called to the scene of El-Bey's injury and placed him in ambulance for transport to receive medical care. Id. While in the ambulance, El-Bey removed his neck brace, assaulted Reeves, and attempted to evade Defendants' medical assistance. Id. El-Bey was later arrested for the assault on Reeves. Id. at 2. El-Bey's amended complaint alleges that Reeves perjured himself during a preliminary hearing on El-Bey's arrest and asserts one claim under 18 U.S.C § 242, which makes it a crime to willfully deprive a person of a right or privilege of the Constitution or laws of the United States. Id.

Defendants filed a motion to dismiss El-Bey's amended complaint, which the magistrate judge recommends granting. See Mot.; R&R. The magistrate judge found that El-Bey's claim under § 242 fails because that provision does not provide a private right of action. R&R at 5. The magistrate judge further explained that, to the extent El-Bey intended to sue Reeves for perjury, he lacks a private cause of action because there is no private right of action for violations of criminal law. R&R at 6.

For the reasons that follow, the Court accepts the R&R in its entirety.

## II. ANALYSIS

The Court has considered El-Bey's objections and finds them to be without merit. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Here, El-Bey filed an "Affidavit of Facts" that does not constitute a valid objection to the R&R. See Aff. (Dkt. 29). While it does appear to express a general disagreement with the R&R, the affidavit raises no specific grounds for why the R&R is incorrect. See id. El-Bey's disagreement with the R&R, without more, does not constitute a valid objection because it fails to

"explain the source" of any error in the R&R, as is required. Accordingly, the Court accepts the recommendation contained in the magistrate judge's R&R.

### III. CONCLUSION

For the reasons stated above, the Court: (i) adopts the recommendation in the magistrate judge's R&R (Dkt. 28), (ii) overrules El-Bey's objection (Dkt. 29), (iii) grants Defendants' motion to dismiss (Dkt. 16), and dismisses the case in its entirety.

SO ORDERED.

Dated: March 20, 2024  
     Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge